IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
NOV 0 6 2024
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 24-CR-20056 |
| ) | |
| MEGAN STEWARDSON, ) | Title 18, United States Code, |
| ) | Section 1957 |
| Defendant. ) | |

## INDICTMENT

### COUNT ONE
(Illegal Monetary Transaction)

THE GRAND JURY CHARGES:

1. Beginning in or about February 2023, and continuing until in or about March 2023, in Champaign County, in the Central District of Illinois, and elsewhere,

**MEGAN STEWARDSON,**

defendant herein, knowingly engaged, and attempted to engage, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions identified below, on or about the date listed, such property having been derived from specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. Section 1343, as alleged below.

2. Beginning in or about May 2022, and continuing until in or about February 2023, the defendant engaged in a scheme to fraudulently obtain a $175,000 insurance payment from Zurich American Insurance Company that was intended for R.D., the lawful and rightful recipient of the payment.

3. In or about May 2022, R.D. suffered a severe injury to his face and eye. As a result of this injury and its effects, R.D. was entitled to a "dismemberment benefit" in the amount of a $175,000 payment, due to the loss of sight in his eye. At that time, R.D. worked and resided in the State of North Carolina.

4. The defendant was in a romantic relationship with R.D. at the time he suffered the severe injury to his face and eye. The defendant and R.D. resided together in North Carolina.

5. In or about June 2022, the defendant assisted R.D. with setting up direct deposits for R.D.'s insurance payments to be dispersed into a bank account jointly held by R.D. and the defendant through State Employees' Credit Union (SECU). This was done by using R.D.'s account through the Zurich American Insurance Company website to enter the necessary payment and bank account information. Additionally, the defendant setup the contact email as R.D.'s email address, so that he would receive communications regarding his dismemberment benefit claim.

6. In or about August 2022, the defendant accessed R.D.'s Zurich American Insurance Company account and changed the personal contact information so that the defendant would receive communications from Zurich American Insurance Company.

Specifically, the defendant changed the contact email address from R.D.'s email, to her own personal email accounts for communications and payment notifications. Additionally, in or about August 2022, the defendant accessed R.D.'s Zurich American Insurance Company account and removed the bank account information for the joint account that she and R.D. shared at SECU. The defendant then replaced this bank information with her own SECU personal bank account information that only she had access to. The defendant did this without R.D.'s knowledge or permission. The defendant engaged in these materially false and fraudulent pretenses, representations, and promises in order to obtain the $175,000 payment intended for R.D.

7. In or about September 2022, the defendant ended her relationship with R.D., moved out of their shared residence, and relocated to the Central District of Illinois.

8. On or about February 9, 2023, Zurich American Insurance Company approved the "dismemberment payment" to R.D. for his injuries. On or about February 13, 2023, Zurich American Insurance Company deposited the $175,000 "dismemberment payment" intended for R.D. into the defendant's personal savings account at SECU.

9. The $175,000 obtained by the defendant was derived from specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. Section 1343, in that the defendant engaged, and attempted to engage, in the above-described scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and did knowingly cause to be transmitted by means of

wire communications in interstate commerce, certain writings, signs, signals, sounds, and images, that is, a wire transfer of payment funds from Zurich American Insurance Company, to the defendant's bank account, when in truth and fact the defendant knew that she was not entitled to receive it.

10.     On or about February 15, 2023, the defendant initiated a transfer of $174,998 of the fraudulently obtained "dismemberment payment" funds, via a phone request, from her bank account at SECU to her bank account at First Financial Bank.

11.     In or about March 2023, the defendant used the "dismemberment payment" funds that were then in her personal account at First Financial Bank to purchase a land deed and home located in Champaign County, in the Central District of Illinois. The defendant paid an initial deposit with the home builder in or about February 2023, followed by a down payment with the home builder and a purchase of the warranty deed in March 2023. The defendant began making mortgage payments on the home in or about May 2023. The residence is located at 207 W. Third St., Homer, Illinois.

12.     The defendant utilized the following federally insured financial institutions and accounts to conduct financial transactions:

- State Employees' Credit Union, Account Number XXX3317, in the name of the defendant;
- First Financial Bank, Account Number XXX4614, in the name of the defendant.

13. On or about the date set forth below, in Champaign County, in the Central District of Illinois, and elsewhere,

**MEGAN STEWARDSON,**

defendant herein, knowingly engaged, and attempted to engage, in a monetary transaction affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal, deposit, and transfer of funds from and to the financial institutions identified below, on or about the date listed, such property having been derived from specified unlawful activity, that is, Wire Fraud in violation of 18 U.S.C. Section 1343, as alleged above. The details of the transaction are as follows:

On February 15, 2023, funds in the amount of $174,998 were transferred from State Employees' Credit Union, Account Number XXX**3317**, in the name of the defendant, to First Financial Bank, Account Number XXX**4614**, in the name of the defendant.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION

1.  The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

2.  Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1957, the defendant,

**MEGAN STEWARDSON,**

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

- One parcel of real estate, together with all buildings, appurtenances, improvements, fixtures, attachments, and easements thereon, and all rights appertaining thereto, commonly known as 207 West Third Street, Homer, Illinois 61849 (Parcel #26-30-08-235-009); and

- A personal money judgment against the defendant in a sum of money yet to be determined, which would represent the amount of the proceeds obtained as a result of the offenses described in Count One of this Indictment.

4.  If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL.

Redacted

FOREPERSON

Redacted

GREGORY K. HARRIS
United States Attorney
NTB